UNITED STATES BANKRUPTCY COURT
THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RITA LASHAWN CAMPBELL | ) | Case No. 23-10445 |
| | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| RITA LASHAWN CAMPBELL | ) | |
| Plaintiff, | ) | Adversary No. 23-01015 |
| | ) | |
| VERSUS | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, AES/BARKLAY'S BANK PLC | ) | |
| ED FINANCIAL SERVICES, LLC | ) | |
| Defendants | ) | |
| _____ | | |

**ANSWER OF UNITED STATES OF AMERICA TO**
**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the United States of America ("United States"), on behalf of the Department of Education ("DOE."), Federal Defendant herein, who answers the Complaint filed by Rita LaShawn Campbell ("Campbell" or "Plaintiff"), as follows. The United States expressly denies all allegations contained in Ms. Campbell's Complaint, unless specifically admitted.

ANSWER

1.  The United States admits that Plaintiff filed this adversary proceeding, in which she seeks to discharge her student loan debt owed to DOE based on allegations of undue hardship under 11

U.S.C. § 523(a)(8).   To the extent that the allegations in Paragraph 1 require any further response, those allegations are denied.

2. The United States admits that Campbell is the debtor in the voluntary Chapter 7 bankruptcy case, which was filed on July 7, 2023, and that this Court has jurisdiction over this matter under 28 U.S.C. § 1334.  Further, the United States admits that this is a core proceeding. To the extent that the allegations in Paragraph 2 require any further response, those allegations are denied.

3. The United States admits that Campbell owes student loan debts to the DOE and that student loan debts are listed in the Schedule E/F filed by in the Chapter 7 case.  The remaining allegations contained in Paragraph 3 are denied.

4. The United States admits that the student loan amounts borrowed from DOE only, excluding other lenders, is $38,589.00.   The remaining allegations in Paragraph 4 are denied for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

5. The United States denies the allegations in Paragraph 5 for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

6. The United States admits that Plaintiff's loans are in forbearance.  Ms. Campbell's DOE student loans first became due December 31, 2021.  Due to the COVID-19 Pandemic, collections on all student loans were suspended and loans were placed in forbearance.  DOE placed Ms. Campbell's loans in forbearance due to bankruptcy in July 2023.  The remaining allegations in Paragraph 6 are denied for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

7. The United States admits that Campbell's monthly expenses, as reflected on Official Form 106J, exceeds her income as reflected on Official Form 106I.  All other allegations in

Paragraph 7 are denied for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

8. The United States denies the allegations in Paragraph 8 for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

9. The allegations contained in Paragraph 9 are denied for lack of knowledge or information sufficient to form a belief about the truth of those allegations.

10. The allegations contained in Paragraph 10 are denied for lack of knowledge or information sufficient to form a belief about the truth of those allegations. The United States specifically denies that Ms. Campbell qualifies for a discharge of her student loan obligations under the standard in *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987), and further denies that Ms. Campbell is entitled to any form of relief in this adversary proceeding.

THE ALLEGATIONS OF THE COMPLAINT NOT SPECIFICALLY ADMITTED ABOVE ARE DENIED.

DEFENSES

11. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

12. The Plaintiff's student loan obligations should not be discharged because she does not meet the standard of undue hardship enunciated in *Brunner v. N.Y. State Higher Educ. Serv. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987), and adopted by the Fifth Circuit in *Matter of Gerhardt*, 348 F.3d 89 (5th Cir. 2003), which holds that the debtor bears the burden of proof with regard to all three *Brunner* prongs. Defendant believes and asserts that the Plaintiff will be unable to prove:

      a. That the Plaintiff cannot maintain, based on current income and expenses, a

3

"minimal" standard of living for herself if forced to repay the student loans;

b. That additional circumstances exist indicating her state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

c. That the Plaintiff has made good faith efforts to repay the student loans.

13. If Plaintiff has a total and permanent disability, she can submit a Discharge Application: Total and Permanent Disability to DOE, and a determination will be made concerning undue hardship.

14. The Complaint fails to state with particular grounds upon which the loans should be discharged.

WHEREFORE, the United States prays that this Court find that the student loans owed to Defendant are non-dischargeable pursuant to 11 U.S.C. § 532(a)(8), or in the alternative dismiss the Complaint with prejudice, and for other relief as the court deems just.

UNITED STATES OF AMERICA, by

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY

/s/ Monica S. Griffith-Braud
Monica S. Griffith-Braud, LBN 33162
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: monica.griffith-braud@usdoj.gov